IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANET HOWELL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, ET AL.<br><br>　　　　　Defendants. | CIV. NO. 19-00313 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

On May 14, 2020, an Order to Show Cause Why Complaint Should Not be Dismissed as to Unserved Defendants ("Order to Show Cause") was filed. ECF No. 33. The hearing on the OSC was initially set for June 12, 2020, but was continued pending Plaintiff Janet Howell's Notice of Interlocutory Appeal. ECF Nos. 35 & 40. On June 26, 2020, the Ninth Circuit found that it lacked jurisdiction over the appeal (ECF No. 41) and entered a formal mandate on August 18, 2020 (ECF No. 42). On September 2, 2020, the Court issued an EO setting a telephonic hearing on the OSC for October 8, 2020 and directed Plaintiff to file a statement by no later than September 22, 2020 explaining why Plaintiff may think service was made or why Plaintiff may think good cause exists for her failure to serve the second Amended Complaint ("Second Amended Complaint"). ECF No. 43. Plaintiff was also given the option to file a statement indicating that she agrees to the dismissal of the Second Amended Complaint. Id.

On October 8, 2020, the OSC came on for a telephonic hearing before the Honorable Rom A. Trader, United States Magistrate Judge. ECF No. 44. Plaintiff did not appear or file a response, and the Second Amended Complaint remains unserved. After careful review of the applicable law and record in this case, and noting Plaintiff's failure to comply with the applicable rules, appear at court hearings, and timely serve the defendants, the Court RECOMMENDS that the district court dismiss this action without prejudice.

## BACKGROUND

On June 18, 2019, Plaintiff filed her Complaint (ECF No. 1), and on June 27, 2019, Plaintiff filed an Amended Complaint ("First Amended Complaint") (ECF No. 5). On August 9, 2019, the Court received several submissions from Plaintiff, which consisted of a letter to the Court, copies of certified mail receipts, various memoranda, a print out titled "Current Orders on File," and articles printed from the internet on January 22, 2014. ECF No. 10. Handwritten notes peppered the documents and made it further difficult to understand Plaintiff's requests or arguments. These documents were not filed, and in an entering order issued on August 12, 2019, the Court cautioned Plaintiff that Plaintiff may not use the docket as a repository for her documents. ECF No. 10. Plaintiff was also cautioned that she was required to follow the applicable rules and failure to do so could result in sanctions or dismissal of this case.

On August 29, 2019, Plaintiff filed a Second Amended Complaint. ECF No. 12. On that same day, Plaintiff filed a document titled "Motion/Action: To

Reassign/Change/Disqualify the Assign Judges of these Big Cases[.]"[1]  ECF No. 13.  Plaintiff's motion was largely incomprehensible, but liberally construing the motion and evaluating what little language was intelligible, the Court construed the motion as a motion to disqualify the Court under 28 U.S.C. § 455 and as a request to change this case to a criminal case.  ECF No. 14.  The motion was denied as Plaintiff failed to state any legitimate factual or legal basis in support of her requests, and her request was not an option available under the law.  Id.

On September 11, 2019, Plaintiff failed to appear at the Rule 16 scheduling conference.  ECF No. 16.  The conference was continued to October 31, 2019.  Id.

On September 13, 2019, Plaintiff filed a document titled "Motion/Action: Remove/Change/Disqualify the Discriminating Framing Judge . . . Change to Criminal Cases."  ECF No. 17.  Although the filing was largely incomprehensible, it appeared that Plaintiff sought again to disqualify the court and change this case to a criminal case.  Without waiting for a ruling, Plaintiff filed another motion on September 26, 2019, titled "Motion/Action: Amendments of Complaint Additional Defendants . . . "  ECF No. 18.  This document was also incomprehensible, but it appears that Plaintiff sought to amend her Second Amended Complaint.  On October 24, 2019, Plaintiff filed yet another document titled "5th Request to Change to Criminal Case."  ECF No. 19.  The document was again incomprehensible, but it appears that Plaintiff was again requesting to convert

---

[1] Plaintiff filed a total of 11 motions/requests/submissions.  Plaintiff's documents are nonsensical with titles that are at least a paragraph long.  As such, the Court declines to reproduce the titles of all filings, but will reference a portion of the titles and the ECF numbers.

3

this action to a criminal case. On October 28, 2019 the Court denied the September 13, 2019, September 26, 2019, and October 24, 2019 motions. ECF Nos. 17-20. The Court reminded Plaintiff of her duty to litigate her case, the requirement to abide by all applicable rules, and the sanction that failure to abide by the rules may result in a dismissal with prejudice or other sanctions. ECF No. 20.

On October 31, 2019, Plaintiff appeared at the Rule 16 scheduling conference. ECF No. 21. The Court reminded Plaintiff of her obligation to follow all rules and responsibility to serve the Second Amended Complaint. The Court also cautioned that if Plaintiff does not follow the rules, there are consequences such as the Court recommending that this case be dismissed. The Rule 16 scheduling conference was continued to December 4, 2019 to allow Plaintiff the opportunity to decide how she would like to proceed.

On December 4, 2019, a Rule 16 scheduling conference was held. ECF No. 22. Plaintiff appeared, but had not yet served the Second Amended Complaint. The Court again reminded Plaintiff of her obligations under the rules and warned Plaintiff that the Court may issue an order to show cause why this case should not be dismissed. The Rule 16 scheduling conference was continued to February 13, 2020.

On January 21, 2020, Plaintiff filed a document titled "Make My Cases All Criminal Cases . . . Motion/Action: To Remove Judge Change, Disqualify the Judges and Court Clerk Who Refused to Appoint Counsels . . . " ECF No. 23. Plaintiff's Motion is again largely incomprehensible and once again appears to request to change this case to a criminal case. On January 23, 2020, Plaintiff's requests were denied, and Plaintiff was

4

reminded to abide by the applicable rules.  ECF No. 24.  The Court cautioned that failure to do so may result in sanctions or dismissal of the case with prejudice.

On January 30, 2020, Plaintiff filed a document titled "Motion/Action: Ammendments [sic] of Complaint to Change to Job Discrimination Cases . . ."  ECF No. 25.  Before a ruling was issued, Plaintiff filed another motion titled "Motion/Action: Ammendments [sic] of Complaint to Change to Job Discrimination Cases . . . "  on February 1, 2020.  ECF No. 26.  Plaintiff's filings were again incomprehensible.  However, at least in part, it appeared that the filings were requesting to reschedule the February 13, 2020 Rule 16 scheduling conference.  The motion and the request to continue were denied, and Plaintiff was again reminded to abide by all applicable rules or sanctions may follow.  ECF No. 27.

On February 13, 2020, the Rule 16 scheduling conference came on for hearing.  ECF No. 28.  Plaintiff appeared, but had not yet served her Second Amended Complaint.  The Court advised Plaintiff that an order to show cause hearing will be scheduled and continued the Rule 16 scheduling conference to April 13, 2020.  Plaintiff was again reminded of her obligations to effect service and to follow the applicable rules.  The Court cautioned Plaintiff that the failure to serve may result in dismissal of her claims.

On March 25, 2020, Plaintiff filed a "Motion/Action: To Cancell [sic] the Rule 16 of all My Cases Due to the Quarantine . . . "  ECF No. 29.  Although the motion was again incomprehensible, it appeared that Plaintiff was seeking to continue the April 13, 2020, Rule 16 scheduling conference.  Due to the ongoing public health crisis, the Court granted a continuance.  ECF No. 30.  On May 8, 2020, Plaintiff filed two additional

5

motions.  ECF Nos. 31 & 32.  The first is titled "Motion/Action: To Notify the Court of a New Culprit Law Firm Cause of Humiliation, Emergency Visit, Chest Pain Stressed . . ." (ECF No. 31), and the second is titled "Motion/Action:  Amendment of Complaint to Include I was Treatened [sic] to be Homeless by This Law Firm . . ." (ECF No. 32).  The motions were again unintelligible and the second motion appeared to again request to change this case to a criminal case.  The Court was unable to determine whether Plaintiff was making a specific request or seeking any particular relief.  On May 14, 2020, the Court denied Plaintiff's request to change this case to a criminal case and took no action on ECF Nos. 31 and 32.  ECF No. 34.  The Court cautioned Plaintiff to refrain from filing documents unless they pertain to a legitimate motion, the Court so orders, or the filings comply with the rules.  Plaintiff was informed that failure to follow the applicable rules could result in sanctions or dismissal of this case.

On May 14, 2020, the Court issued an Order to Show Cause Why Complaint Should Not be Dismissed as to Unserved Defendants, which was scheduled for a telephonic hearing on June 12, 2020.  ECF No. 33.  On June 12, 2020, the Court held a telephonic Rule 16 scheduling conference and addressed Plaintiff's Notice of Interlocutory Appeal (ECF No. 35) as Plaintiff failed to specify the order/orders from which an appeal was being made and failed to request certification for her interlocutory appeal.  Plaintiff did not appear for the telephonic hearing, but counsel Edric Ming-Kai Ching made a special appearance by telephone on behalf of the unserved government defendants.  The Court stayed all proceedings until resolution of the appeal.  The Court directed Plaintiff to notify the Court within 10 days of disposition of the appeal.  The

6

Court noted that Plaintiff failed to file a statement as required by its May 15, 2020 order (ECF No. 33). ECF No. 40.

On August 18, 2020, the United States Court of Appeals for the Ninth Circuit issued a Mandate regarding the Ninth Circuit's June 26, 2020 judgment (ECF No. 42); however, Plaintiff did not notify the Court as directed. The Court scheduled a telephonic hearing for October 8, 2020 on the Order to Show Cause. ECF No. 43. Plaintiff failed to appear for the October 8, 2020 telephonic hearing despite several attempts by the Court's staff to contact her and did not file any response to the Order to Show Cause. ECF No. 44.

## DISCUSSION

The Court has the inherent authority to dismiss sua sponte for lack of prosecution. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution"); Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The Court must weigh five (5) factors to determine whether dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  In this case, a Complaint was filed on June 18, 2019 (ECF No. 1), a First Amended Complaint on June 27, 2019 (ECF No. 5), and a Second Amended Complaint on August 29, 2019 (ECF No. 12).  Plaintiff failed to serve the named defendants since 2019 and for over a year despite the Court's multiple instructions and warnings.  As such, this factor weighs heavily in favor of dismissal.

### 2. The Court's Need to Manage its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990).  This case has had significant effect on the Court's ability to manage its docket.  Plaintiff filed eleven motions/requests/submissions, and despite the Court's efforts to construe the filings liberally, all were largely unintelligible and failed to clearly state any request.  For those filings that had a few lines of comprehensible text, Plaintiff repeatedly requested for the same relief—to change this case to a criminal case.  The Court issued six entering orders denying Plaintiff's filings, and four of them explicitly denied Plaintiff's requests to change this case to a criminal case.  These entering orders also reminded Plaintiff of the requirement to abide by all applicable rules.  However, Plaintiff disregarded the Court's orders and the

8

rules, and filed document after document requesting the same relief.  Before the Court could rule on Plaintiff's motion, Plaintiff has even filed multiple motions seeking the same relief on the same day or even the next day.

The Court has held five Rule 16 scheduling conferences, and Plaintiff did not appear for two out of the three conferences.  In addition, Plaintiff did not respond to this Court's Order to Show Cause and did not appear for the Order to Show Cause hearing.  These motions and hearings have consumed court time that could have been devoted to other cases.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . "  Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1261).  As a result, this factor weighs heavily in favor of dismissal.

    3.    <u>Risk of Prejudice to Defendants/Respondents</u>

Prejudice is established if "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Defendants normally have the burden of proving prejudice; however, in this case, Plaintiff has not yet served any of the defendants.  The Courts have "recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays."  Pagtalunan, 291 F.3d at 642 (citations omitted).  In this case,

however, Plaintiff unreasonably delayed the litigation of this case for an extended period of time with no explanation.

There appears to be no good cause for delay. As the record shows, Plaintiff has been actively filing motions and selectively appearing at hearings. Plaintiff has also filed an appeal. Despite Plaintiff's ability to file documents, Plaintiff has made no attempt to respond to the Court's Order to Show Cause or appear for the hearing. Even counsel for the unserved defendants, Edric Ming-Kai Ching, made a special appearance on the June 12, 2020 telephonic hearing on the Rule 16 scheduling conference and Order to Show Cause hearing, which Plaintiff failed to attend. ECF No. 40.

Plaintiff's actions and inactions caused unreasonable delay such that the defendants were deprived of timely notice, the ability to proceed with trial, or to raise by motion any defenses. Moreover, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. This factor weighs in favor of dismissal.

4. Availability of Less Drastic Alternatives

In this case, there are no less drastic alternatives available. Plaintiff was given ample opportunity and time to serve defendants. Time after time, through entering orders and during hearings, the Court reminded Plaintiff of her obligation to serve defendants, and Plaintiff had over a year to do so. The Rule 16 scheduling conference was continued several times due to Plaintiff's failure to serve the Second Amended Complaint. The record reflects that Plaintiff failed to serve the defendants despite multiple opportunities to do so, failed to file any statement in response to the Court's Order to Show Cause, and

failed to appear at the Order to Show Cause hearing. The Court finds that it would be futile to recommend a lesser sanction. The record demonstrates that no action will compel Plaintiff to take the necessary steps to prosecute this case.

     5.     <u>Public Policy Favoring Disposition of This Case on Its Merits</u>

This factor "favors disposition of cases on the merits." <u>Pagtalunan</u>, 291 F.3d at 643. "Thus, this factor weighs against dismissal" of this case. <u>Id.</u>

     6.     <u>The Factors Weigh in Favor of Dismissal</u>

In this case, four out of the five factors weigh in favor of dismissal. Even though public policy favors the disposition of cases on its merits, the other four factors greatly outweigh the public policy factor. The Court thus FINDS that dismissal is appropriate in this case. However, the Court cannot find that Plaintiff's failure to prosecute provides sufficient grounds to support a dismissal with prejudice. Accordingly, the Court RECOMMMENDS that the district court dismiss the claims against defendants without prejudice.

CONCLUSION

The Court FINDS that Plaintiff failed to serve defendants the Second Amended Complaint and summons despite multiple warnings by the Court informing Plaintiff of the requirement to timely serve the Second Amended Complaint and summons on the defendants, the duty to litigate, the requirement of all litigants to follow all rules and to meet all deadlines, and the consequence of sanctions or dismissal for failure to respond to the Court's Order to Show Cause. LR1.3 & 16.1. Further, Plaintiff has not shown good

cause for her failure to serve defendants.  Accordingly, the Court RECOMMENDS that this action be dismissed without prejudice.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, November 5, 2020.



    /s/ Rom A. Trader
    Rom A. Trader
    United States Magistrate Judge

_____

Civ. No. 19-00313 DKW-RT; *Howell v. United States of America, et al.*; Findings and Recommendation to Dismiss this Action